IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

FEBRUARY 1998 SESSION

FILED

June 19, 1998

Cecil W. Crowson
Appellate Court
Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | No. 01C01-9705-CC-00186 |
| | ) | |
| Appellee | ) | |
| | ) | MONTGOMERY COUNTY |
| V. | ) | |
| | ) | HON. JOHN H. GASAWAY, III, |
| ROBERT ALAN SMITH, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Probation Revocation) |
| | ) | |
| | ) | |

For the Appellant:

Michael R. Jones
District Public Defender
Reporter

Russel A. Church
Assistant Public Defender
General
109 South Second Street
Clarksville, TN 37040

For the Appellee:

John Knox Walkup
Attorney General and

Daryl J. Brand
Assistant Attorney

425 Fifth Avenue North
Nashville, TN 37243-0493

John Wesley Carney, Jr.
District Attorney General

William M. Cloud, Jr.
Assistant District Attorney
204 Franklin Street, Suite 200
Clarksville, TN 37040

OPINION FILED: _____

AFFIRMED PURSUANT TO RULE 20

William M. Barker, Judge

OPINION

The appellant, Robert Alan Smith, appeals the judgment of the Montgomery County Circuit Court revoking his probation and ordering that the remainder of his sentence be served in the Department of Correction. We affirm the judgment of the trial court pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

In 1992, appellant entered guilty pleas to three counts of sexual battery and received an effective sentence of six years. The trial court suspended those sentences and placed appellant on probation for six years. In 1994, appellant pled guilty to simple possession of marijuana. He was placed on probation for eleven months, twenty-nine days, consecutive to the six year sentence. The record reflects that appellant's probation was revoked in August of 1994. He was ordered to serve 60 days in confinement and then returned to intensive probation.

Again, in June 1995, a probation violation warrant was filed alleging several infractions of the conditions of appellant's probation. Appellant waived a hearing on the violations and admitted that he failed to comply with the terms of his probation. At the hearing on the disposition of his sentence, the trial court ordered appellant to serve the remainder of his sentence in the custody of the Department of Correction.

Because appellant admitted violating his probation, the only issue is whether the trial court abused its discretion in ordering the balance of appellant's sentence to be served in confinement. See Tenn. Code Ann. §40-35-311(d) (Supp. 1995); State v. Duke, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995). Unfortunately, we are unable to review the action of the trial court in appellant's case. The transcript from the hearing in which the trial court ordered confinement is not included in the record before us.[1] It is the duty of the appellant to prepare a record which conveys a fair, accurate, and complete account of what transpired with respect to the issues forming the basis of the appeal. Tenn. R. App. P. 24(g); State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993) (citations omitted). An appellate court is precluded from considering the merits of an issue where the relevant material is absent from the record. Id. Having an incomplete record on appeal, this Court must presume that the trial court's determination was correct. State v. Boling, 840 S.W.2d 944, 951 (Tenn. Crim. App. 1992) (citations omitted). Therefore, we affirm the judgment of the trial court pursuant to Tennessee Court of Criminal Appeals Rule 20.

---

[1] While appellant's brief contains citations to an evidentiary transcript, there is not one included in the record before us. We note that the State's brief contains citations to the technical record only.

4

We note appointed counsel's position and request to withdraw as stated in the brief filed in accordance with <u>Anders v. California</u>, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1976). However, we respectfully deny his request to withdraw at this time. Counsel may file a motion in accordance with Tennessee Supreme Court Rule 14 at the appropriate time.

_____
William M. Barker, Judge

CONCUR:

_____
Gary R. Wade, Presiding Judge

_____
Curwood Witt, Judge